IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Thompson White, #315546, | ) | Civil Case No. 2:15-cv-2046-SB-MGB |
| | ) | |
| Petitioner, | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Warden Edsel T. Taylor, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The Petitioner, a state prisoner appearing *pro se*, seeks habeas relief pursuant to 28 U.S.C. § 2254. This matter is before the court on Respondent's Motion for Summary Judgment. (Dkt. No. 17; *see also* Dkt. No. 18.) Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this Magistrate Judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Court.

Petitioner filed this habeas action on May 18, 2015. (Dkt. No. 1.) Plaintiff made supplemental filings on May 26, 2015, and July 14, 2015. (Dkt. Nos. 8 & 16.) On August 12, 2015, Respondent filed a Motion for Summary Judgment. (Dkt. No. 17; *see also* Dkt. No. 18.) On September 16, 2015, Petitioner filed his Response to Summary Judgment. (Dkt. No. 25.) On November 4, 2015, Petitioner filed another supplemental filing. (Dkt. No. 26.)

## **PROCEDURAL HISTORY**

Petitioner, Thompson White, #315546, is presently confined in Macdougall Correctional Institution of the South Carolina Department of Corrections (SCDC) as the result of his conviction and sentence in Charleston County, South Carolina. The Charleston County Grand Jury indicted Petitioner in March of 2011 for murder. (Dkt. No. 18-1 at 105-106.) He was

charged with killing Eugene Evans, with a gun, on September 21, 2010. (*Id.*) Andrew J. Savage, III., Esq. and J. Allen Mastantuno, Esq., represented Petitioner on the charge. On February 14, 2012, as a result of plea negotiations, Petitioner entered a guilty plea to the lesser offense of voluntary manslaughter with a sentencing cap of fifteen years. (Dkt. No. 18-1 at 5-6) Mr. Savage appeared at the plea as counsel for Petitioner. (*Id.* at 3.) The Honorable Thomas L. Hughston, Jr., ("plea court") heard and accepted the plea. (*Id.* at 3, 8.) Judge Hughston sentenced Petitioner to twelve years imprisonment. (*Id*. 18-1 at 104.) On February 24, 2012, plea counsel filed a motion to reconsider sentence, and on February 11, 2013, Judge Hughston reduced the sentence to ten years imprisonment. (*Id.* at 101-102.)

On July 16, 2013, Petitioner filed an application for post-conviction relief ("PCR") on the following grounds:

    1. Ineffective assistance of counsel:

        a. failed to investigate the law and facts governing my case; and,

    2. Unknowing/involuntary plea:

        a. Counsel failed to pursue available remedies which precluded criminal proceedings, conviction and confinement.

(Dkt. No. 18-1 at 34.) On December 3, 2013, the State made its return and requested an evidentiary hearing. (*Id.* at 40-44.) Rodney D. Davis, Esq., represented Petitioner in the action.

On April 16, 2014, the Honorable R. Markley Dennis ("the PCR court") held an evidentiary hearing on the claims. (Dkt. No. 18-1 at 46.) Judge Dennis received testimony from Petitioner and from plea counsel, Mr. Savage. At the conclusion of the hearing, Judge Dennis found that neither a self-defense nor the Protection of Persons and Property Act, S.C. Code § 16-1-440 et seq. ("PPP Act") applied to the facts of Petitioner's case, and, had he attempted trial, he would have missed the opportunity to plead guilty and receive a reduced sentence. (*Id.* at 84-

87.) Finding that plea counsel had properly investigated and counseled on the matter, Judge Dennis denied relief. (*Id.*) Judge Dennis issued his written Order in June of 2014, which was amended by an Order dated July 10, 2014, and filed July 16, 2014. (*Id.* at 107-116.) Petitioner appealed the PCR court's denial of relief.

Appellate Defender Robert M. Pachak of the South Carolina Commission on Indigent Defense represented Petitioner on appeal. Appellate counsel filed a *Johnson*[1] Petition for Writ of Certiorari in the Supreme Court of South Carolina on October 1, 2014, and raised the following issue:

> Whether plea counsel was ineffective in failing to pursue immunity under the Protection of Persons and Property Act?

(Dkt. No 18-2 at 3.)

Appellate counsel also submitted a petition to be relieved of appointment as "[i]n his opinion seeking certiorari from the order of dismissal [was] without merit." (*Id.* at 8.) By letter dated October 2, 2014, the Clerk of the Supreme Court of South Carolina advised Petitioner of his right to file a *pro se* response raising "any issues [he] believe[d] the Court should consider in [his] appeal." (Dkt. No. 18-3.) Petitioner filed a *pro se* response on November 18, 2014. (Dkt. No. 18-4.)

The Supreme Court of South Carolina denied the petition on December 10, 2014, (Dkt. No. 18-5), and issued the remittitur on December 30, 2014, (Dkt No. 18-6).

## APPLICABLE LAW

### Summary Judgment Standard

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that

---

[1] *See Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988).

the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  In ruling on a motion for summary judgment, "the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor." *Id*. (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)); *see also Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

## Habeas Standard of Review

Since the Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320, 322-23 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir.1998).  Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding.

28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 398 (2000).  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 410. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded

jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). "A state court's findings on the factual issues underlying the guilty plea…are entitled to great deference. *Sargent v. Waters*, 71 F.3d 158, 160 (4th Cir. 1995) (citing *Marshall v. Lonberger*, 459 U.S. 422, 431-32 (1982)) (emphasis in original).

## FACTS[2]

On the evening of September 21, 2010, Petitioner and his girlfriend got into an argument that eventually escalated to a physical altercation. Some of the Petitioner's girlfriend's relatives, including the victim, were nearby and heard about the altercation. The victim and several other of the relatives confronted Petitioner. A fight ensued. Petitioner was able to free himself from the fight and went to his residence. Petitioner retrieved a .22 caliber rifle from the residence and returned outside. Petitioner fired warning shots into the air that caused everyone to flee. Petitioner then stepped out into the street and fired down the street. One of the shots struck the victim on the right side of the front of his face. Petitioner fled in his car and turned himself into law enforcement the following day.

## DISCUSSION

The undersigned recommends that Respondent's Motion for Summary Judgment (Dkt. No. 15) be granted. The Grounds for relief are (verbatim):

**Ground One: False Imprisonment/unlawful confinement for a murder in which Petitioner defended himself from an oncoming threat.**

---

[2] These facts are taken from the State's presentation at Petitioner's guilty plea. (Dkt. No. 18-1 at 7-9.)

**Ground Two: Petitioner White was or actually believed he was in imminent danger of losing his life or sustaining serious bodily injury and had right to stand his ground. Act on Appearance.**

<u>**Actual Innocence**</u>

Ground One and Two of the Petitioner's habeas petition are without merit, and the Respondent is entitled to judgment as a matter of law. Grounds One and Two appear to be a claim of actual innocence by Petitioner. In one of Petitioner's supplemental filings following his habeas petition (Dkt. No. 16), he claims that he is innocent of the crime under a theory of self-defense and under the PPP Act. (*See* Dkt No. 16 at 4-8, 14-17.) Petitioner does not claim any newly discovered evidence, but rather that he is innocent of any crime.

"Whether a freestanding claim of actual innocence is cognizable in a habeas action unaccompanied by an assertion of an independent constitutional violation remains unsettled in the Fourth Circuit." *United States v. Hawkins*, C/A No. 2:10-CR-0004-1, 2015 WL 7308677, at *8 n.16 (W.D. Va. Nov. 19, 2015) (citing *Royal v. Taylor*, 188 F.3d 239, 243 (4th Cir. 1999)). "[T]he threshold for any hypothetical freestanding innocence claim [is] 'extraordinarily high.'" *House v. Bell*, 547 U.S. 518, 555 (2006) (quoting *Herrera v. Collins*, 506 U.S. 390, 417 (1993)). The implied test for such a claim "requires more convincing proof of innocence than *Schlup*." *Id.* In *Schlup*, the Supreme Court held that a credible claim of actual innocence accompanied by a constitutional error "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

As an independent actual innocence claim unaccompanied by a constitutional claim has not been held to be cognizable, Petitioner's claim is most likely barred. However, even if such a claim may stand under section 2254, Petitioner has not met his burden under *House*. Petitioner

entered a guilty plea to the lesser included charge of voluntary manslaughter on February 14, 2012, (Dkt. No. 18-1 at 5-6).  In *Boykin v. Alabama*, the Supreme Court held that in order to be valid, a guilty plea must be entered voluntarily and intelligently. *Boykin*, 395 U.S. at 242-43. The Court stated that it could not "presume a waiver" of the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers "from a silent record." *Id.* at 243. "A valid guilty plea requires the defendant to have 'a full understanding of the charges against him and the possible consequences of his plea.'" *Meyer v. Branker*, 506 F.3d 358, 366 (4th Cir. 2007) (quoting *Brady v. United States*, 397 U.S. 742, 749 n.6 (1970)). A guilty plea must be "a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970) (citations omitted).  Petitioner acknowledged during his plea that he understood the charge and against him and the possible sentences, he understood the rights he was foregoing, and that he was guilty of the charge of voluntary manslaughter.  (Dkt. No. 18-1 at 1-7.) At the plea, plea counsel discussed the possibility of a self-defense argument or raising the PPP Act, but did not believe that the facts supported either.  (*Id.* at 18.)

"Absent clear and convincing evidence to the contrary, [a defendant] is bound by the representations he made during the plea colloquy." *Walton v. Angelone*, 321 F.3d 442, 462 (4th Cir. 2003) (citing *Fields v. Attorney General of State of Maryland,* 956 F.2d 1290, 1299 (4th Cir.1992)). Petitioner has not presented any evidence that his plea was not voluntary or improperly induced.  Petitioner is bound by his representations that he made at his plea that is he is guilty of voluntary manslaughter.

Petitioner has failed to present any "new reliable evidence" as required by *Schlup*. *See Gomez v. Jaimet,* 350 F.3d 673, 680 (7th Cir. 2003) ("We agree with the Eighth Circuit that

merely putting a different spin on evidence that was presented to the jury does not satisfy the *Schlup* requirements"). The Petitioner merely restates and repeats his version of the events leading to his charge and plea. (Dkt. No. 16.) Nothing Petitioner argues now was not known by him at the time of his plea. Therefore, Petitioner has not stated a valid claim of actual innocence, and the Respondent is entitled to judgment as a matter of law.

## **Ineffective Assistance of Counsel**

While not apparent on the face of his habeas petition, in Petitioner's supplemental filings, he asserts that his plea counsel was ineffective for failing to move for immunity under the PPP Act, failing to allow client to inspect some discovery materials and a mental health report, and failing to accurately state the facts of Petitioner's case at his sentencing. (Dkt. No. 16 at 4-35.) The United States Supreme Court has said that a meritorious ineffective assistance of counsel claim must show two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-96 (1984). A court's evaluation of counsel's performance under this standard must be "highly deferential," so as to not "second-guess" the performance. *Id*. at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id*. (internal quotation marks and citation omitted); *see also Bowie v. Branker*, 512 F.3d 112, 119 n.8 (4th Cir. 2008); *Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1297-99 (4th Cir. 1992); *Roach v. Martin*, 757 F.2d 1463, 1467 (4th Cir. 1985). In order to establish the second prong of *Strickland*, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A

"reasonable probability" has been defined as "a probability sufficient to undermine confidence in the outcome." Id.

The two-part test enunciated in *Strickland* applies to challenges to guilty pleas based on ineffective assistance of counsel. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985). "[I]n order to satisfy the 'prejudice' requirement [set forth in *Strickland*], the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

The only allegations of ineffective assistance of counsel that were raised before the PCR court were the pursuit of a self-defense claim and seeking immunity under the PPP Act. (Dkt. No. 18-1 at 108.) Therefore, the additional claims of ineffective assistance that Petitioner now raises are barred. *See Montgomery v. Bodison*, C.A. No. 6:09-778-HMH-WMC, 2010 WL 297667, at *4 (D.S.C. Jan 20, 2010) (although petitioner raised some claims in his petition, they were procedurally barred because the PCR court did not rule on them, and petitioner did not file a Rule 59(e) motion); *Miller v. Padula*, C.A. No. 2:07-3149-PMD, 2008 WL 1826495, at *10 (D.S.C. Apr. 23, 2008) (concluding the petitioner's claim that counsel was ineffective for failing to challenge the lack of timely action on the arrest warrant was not properly exhausted because the claim was not raised during the PCR hearing, and "[a]n issue not ruled upon by the PCR judge is not preserved for review on appeal," and the petitioner's "attempt to raise the new issue in his post-trial motion was insufficient to preserve the issue for appeal").[3]

---

[3] [1]Procedural default may be excused if the Petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Martinez v. Ryan*, 132 S. Ct. 1309, 1315 (2012). In the alternative for showing cause and prejudice, a petitioner may attempt to demonstrate a miscarriage of justice, e.g., actual innocence, *Bousley v. United States*, 523 U.S. 614, 623 (1998); *see also Schlup v. Delo*, 513 U.S. 298, 327 (1995), or abandonment by counsel. *Maples v. Thomas*, 132 S. Ct. 912, 924 (2012) (inquiring "whether [the petitioner] ha[d] shown that his attorneys of record abandoned him, thereby supplying the extraordinary circumstances beyond

At the PCR hearing, Petitioner testified that plea counsel had discussed self-defense with him, but he did not understand it. He stated that plea counsel did not discuss the PPP Act with him. (Dkt. No. 18-1 at 52-62.) Plea counsel testified he was experienced with the PPP Act and discussed both it and self-defense with Petitioner. (*Id.* at 64-70.) Plea counsel said he investigated the facts and determined that neither the PPP Act nor self-defense would apply to Petitioner's case because Petitioner had gone into his residence, retrieved a gun, then left his property before firing at the deceased. (*Id.*)

The PCR court ruled that plea counsel was not ineffective. (Dkt. No. 18-1 at 107-116.) The PCR concluded that the PPP Act did not provide immunity in Petitioner's case. (*Id.*) The PCR court found plea counsel's testimony to be credible and found the Petitioner's testimony that he was not informed about the PPP Act to not be credible. (*Id.*) Having reviewed the analysis of the PCR court, this court finds that the PCR court's ruling was not contrary to clearly established federal law or an unreasonable application of the facts of the case at bar.

In South Carolina, a defendant may use deadly force in self-defense if all four of the following four factors are met:

(1) The defendant was without fault in bringing on the difficulty;

(2) The defendant ... actually believed he was in imminent danger of losing his life or sustaining serious bodily injury, or he actually was in such imminent danger;

(3) If the defense is based upon the defendant's actual belief of imminent danger, a reasonable prudent man of ordinary firmness and courage would have entertained the same belief ...; and

---

his control, necessary to lift the state procedural bar to his federal petition" (internal quotation marks and citations omitted)). The Petitioner has not made any showing sufficient to overcome the procedural bar by showing actual prejudice or a fundamental miscarriage of justice.

> (4) The defendant had no other probable means of avoiding the danger of losing his own life or sustaining serious bodily injury than to act as he did in this particular instance.

*State v. Dickey*, 394 S.C. 491, 499, 716 S.E.2d 97, 101 (2011). Prior to the shooting, Petitioner went into his house to retrieve a firearm. He then returned outside and shot the victim. As plea counsel testified to at the PCR hearing, under any version of the facts, Petitioner was not without fault and had ways of avoiding the incident. (Dkt. No. 18-1 at 64-70.)

The PPP Act is not a defense, but rather provides immunity from prosecution. *State v. Curry*, 406 S.C. 364, 370, 752 S.E.2d 263, 265 (2013). "[I]mmunity under the [PPP Act] is predicated on an accused demonstrating the elements of self-defense to the satisfaction of the trial court by the preponderance of the evidence, save the duty to retreat." *State v. Douglas*, 411 S.C. 307, 318, 768 S.E.2d 232, 238 (Ct. App. 2014), *reh'g denied* (Feb. 19, 2015) (quotations and citations omitted). "[A] valid case of self-defense must exist, and the trial court must necessarily consider the elements of self-defense in determining a defendant's entitlement to the Act's immunity." *State v. Curry,* 406 S.C. 364, 371*,* 752 S.E.2d 263, 266 (2013). The PPP Act provides:

> (A) A person is presumed to have a reasonable fear of imminent peril of death or great bodily injury to himself or another person when using deadly force that is intended or likely to cause death or great bodily injury to another person if the person:
> (1) against whom the deadly force is used is in the process of unlawfully and forcefully entering, or has unlawfully and forcibly entered a dwelling, residence, or occupied vehicle, or if he removes or is attempting to remove another person against his will from the dwelling, residence, or occupied vehicle; and
> (2) who uses deadly force knows or has reason to believe that an unlawful and forcible entry or unlawful and forcible act is occurring or has occurred.
> …
>
> (C) A person who is not engaged in an unlawful activity and who is attacked in another place where he has a right to be, including, but not limited to, his place of business, has no duty to retreat and has the right to stand his ground and meet force with force, including deadly force, if he reasonably believes it is necessary

>    to prevent death or great bodily injury to himself or another person or to prevent
>    the commission of a violent crime as defined in Section 16-1-60.

S.C. Code Ann. § 16-11-440.

The PCR court ruled that Petitioner was outside of the perimeter of his residence at the time of the shooting and was not under any imminent threat. (Dkt. No. 18-1 at 114.)  This court finds that the PCR court reasonably applied the facts to the law and did not rule contrary to or unreasonably apply any federal law. Subsection A of the PPP Act does not apply because there is nothing to indicate anyone entered or tried to enter Petitioner's dwelling, residence, or occupied vehicle.  Similarly no one removed or attempted to remove Petitioner against his will.  Petitioner alleged in his supplemental filing that he was never "assault[ed] in my home or taken out of my home."  (Dkt. No. 16 at 10.)  Subsection C of the PPP Act does not apply because Petitioner was not under any imminent threat at the time of the shooting. Petitioner alleges that he went outside with his gun and walked to look at his car. (*Id.* at 6.)  His car was parked outside of his fence. (*Id.*)  Petitioner alleges he then began firing warning shots and eventually shot the victim.  (*Id.*) Petitioner's current allegations are a twist of the facts presented at the Petitioner's guilty plea. The facts presented during the plea stated that after Petitioner fired warning shots, everyone fled the area. (*Id.* at 9.)  Petitioner then stepped into the street and fired down the street at the victim as he fled. (*Id.*)  The plea court noted that it appeared the victim's body was found "about 100 feet or so" from where Petitioner was shooting.  (Dkt. No. 18-1 at 24.)  The PCR court's ruling is a reasonable application of the facts presented at the state court proceeding.  Additionally, the PCR court's decision was not contrary to clearly established federal law.  Therefore, the Respondent is entitled to judgment as a matter of law.

## **RECOMMENDATION**

Accordingly, the undersigned magistrate judge **RECOMMENDS** that the Respondent's Motion for Summary Judgment (Dkt. No. 17) be **GRANTED.**

**IT IS SO RECOMMENDED.**

January 25, 2016

Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).