IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Thompson White, #315546, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 2:15-2046-SB |
| v. ) | |
| ) | **ORDER** |
| Warden Edsel T. Taylor, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the Court upon Petitioner Thompson White's ("White" or "the Petitioner") pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, wherein he alleges two grounds: (1) "false imprisonment/unlawful confinement for a murder in which Petitioner defended himself from an oncoming threat" and (2) "Petitioner White was or actually believed he was in imminent danger of losing his life or sustaining serious bodily injury and had right to stand his ground." (Entry 1 at 6, 8.)

On August 12, 2015, the Respondent filed a motion for summary judgment, and White filed a response in opposition. Pursuant to 28 U.S.C. 636(b)(1)(B) and the Local Rules for the District of South Carolina, the matter was referred to a United States Magistrate Judge for review. On January 26, 2016, Magistrate Judge Mary Gordon Baker issued a report and recommendation ("R&R") outlining the issues and recommending that the Court grant the Respondent's motion for summary judgment.



## BACKGROUND

The Charleston County Grand Jury indicted the Petitioner for murder in March of 2011. Attorneys Andrew J. Savage and Allen Mastantuno represented the Petitioner. On February 14, 2012, the Petitioner entered a guilty plea to the lesser offense of voluntary

manslaughter, with a sentencing cap of fifteen years. The Honorable Thomas L. Hughston, Jr., accepted the Petitioner's plea and sentenced him to twelve years' imprisonment. On February 24, 2012, Savage filed a motion to reconsider the sentence, and on February 11, 2013, Judge Hughston reduced the Petitioner's sentence to ten years.

On July 16, 2013, the Petitioner filed an application for post-conviction relief ("PCR"), alleging that counsel was ineffective for failing to investigate the facts of his case and the governing law and for failing to pursue available remedies, resulting in an unknowing and involuntary plea. On December 3, 2013, the State responded and requested a hearing. Attorney Rodney D. Davis represented the Petitioner.

On April 16, 2014, the Honorable R. Markley Dennis held a hearing at which the Petitioner and his plea counsel, Savage, testified. Judge Dennis ultimately found that neither self-defense nor the Protection of Persons and Property Act, S.C. Code §§ 16-1-410 through -450 ("PPP" Act") applied to the facts of the Petitioner's case and denied relief in an order in June of 2014, which was amended by an order filed July 16, 2014.

The Petitioner appealed the PCR court's order, and Appellate Defendant Robert M. Pachak represented the Petitioner. Pachak filed a <u>Johnson</u> petition raising the issue of whether plea counsel was ineffective for failing to pursue immunity under the PPP Act. The Petitioner also filed a pro se response. The Supreme Court denied the petition on December 10, 2014, and issued the remittitur on December 30, 2014.

## STANDARDS OF REVIEW

### I. The Magistrate Judge's R&R

The Magistrate Judge makes only a recommendation to the Court. The

recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the R&R to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b).

## II.     Summary Judgment

To grant a motion for summary judgment, this Court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The Court is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. See Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

## III.    Habeas Corpus



Because the Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In Williams v. Taylor, 529 U.S. 362 (2000), the Supreme Court explained that section 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. Id. at 404-05. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in controlling cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. Id. at 405-06. A federal habeas court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from Supreme Court decisions but unreasonably applies it to the facts of the particular case. Id. at 407-08. Factual determinations made by the state "shall be presumed to be correct," and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## DISCUSSION

In the R&R, the Magistrate Judge first determined that, to the extent the Petitioner asserts that he is actually innocent, his claims are without merit, first, because it is not clear whether a claim of actual innocence unaccompanied by an assertion of an independent constitutional violation is even cognizable under section 2254, and second, because even if such a claim is cognizable, the Petitioner has failed to present any evidence to show that his guilty plea was unknowing or involuntary or any "new evidence" that was not available

4

at the time of his plea. See United States. v. Hawkins, C.A. No. 2:10-cr-0004-1, 2015 WL 7308677, *8 n. 16 (W.D. Va. Nov. 19, 2015) (citing Royal v. Taylor, 188 F.3d 239, 243 (4th Cir. 1999)) ("Whether a freestanding claim of actual innocence is cognizable in a habeas action unaccompanied by an assertion of an independent constitutional violation remains unsettled in the Fourth Circuit."); see also Schlup v. Delo, 513 U.S. 298, 324 (1995) (holding that a credible claim of actual innocence accompanied by a constitutional error "requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial.")

Next, the Magistrate Judge considered the Petitioner's claims through the lens of ineffective assistance of counsel and found no error in the PCR court's findings that neither self-defense nor the PPP Act applied to the facts of the case and that plea counsel was not ineffective. Specifically, the Magistrate Judge stated:

> At the PCR hearing, Petitioner testified that plea counsel had discussed self-defense with him, but he did not understand it. He stated that plea counsel did not discuss the PPP Act with him. (Dkt. No. 18-1 at 52-62.) Plea counsel testified he was experienced with the PPP act and discussed both it and self-defense with Petitioner. (Id. at 64-70.) Plea counsel said he investigated the facts and determined that neither the PPP Act nor self-defense would apply to Petitioner's case because Petitioner had gone into his residence, retrieved a gun, then left his property before firing at the deceased. (Id.)
>
> The PCR court ruled that plea counsel was not ineffective. (Dkt. No. 18-1 at 107-116.) The PCR [court] concluded that the PPP Act did not provide immunity in Petitioner's case. (Id.) The PCR court found plea counsel's testimony to be credible and found the Petitioner's testimony that he was not informed about the PPP Act to not be credible. (Id.) Having reviewed the analysis of the PCR court, this court finds that the PCR court's ruling was not contrary to clearly established federal law or an unreasonable application of the facts of the case at bar.



(Entry 27 at 10.) In so finding, the Magistrate Judge considered the specific elements of

self-defense[1] and the PPP Act[2] and ultimately determined that the PCR court reasonably applied the facts to the law.

In his objections to the R&R, the Petitioner does not point to any specific portion of the R&R to which he objects; rather, he essentially reiterates his claim that he acted in self-defense and asserts that his counsel prejudiced him by failing to seek immunity pursuant to the PPP Act. The Petitioner also restates his version of the facts; however, as the Magistrate Judge noted, absent convincing evidence to the contrary, the Petitioner is bound by the representations made during his plea colloquy, and the Court finds that the Petitioner simply has not offered any evidence to show that his plea was involuntary. See Walton v. Angelone, 321 F.3ed 442, 462 (4th Cir. 2003) (citing Fields v. Att'y Gen. of Maryland, 956 F.2d 1290, 1299 (4th Cir. 1992)).

---

[1] As set forth by the Magistrate Judge, in South Carolina a defendant may use deadly force in self-defense if all four of the following factors are met:
   (1) The defendant was without fault in bringing on the difficulty;
   (2) The defendant . . . actually believed he was in imminent danger of losing his life or sustaining serious bodily injury, or he actually was in such imminent danger;
   (3) If the defense is based upon the defendant's actual belief of imminent danger, a reasonable prudent man of ordinary firmness and courage would have entertained the same belief . . . ; and
   (4) The defendant had no other probable means of avoiding the danger of losing his own life or sustaining serious bodily injury than to act as he did in this particular instance.

State v. Dickey, 394 S.C. 491, 499, 716 S.E.2d 97, 101 (2011). In addition, "[i]mmunity under

[2] "Immunity under the [PPP Act] is predicated on an accused demonstrating the elements of self-defense to the satisfaction of the trial court by the preponderance of the evidence, save the duty to retreat." State v. Douglas, 411 S.C. 307, 318, 768 S.E.2d 232, 238 (Ct. App. 2014), reh'g denied (Feb. 19, 2015) (quotations and citations omitted).

6

Ultimately, as the Magistrate Judge noted, the PCR court determined that plea counsel was not ineffective. In so determining, the PCR court found plea counsel's testimony credible and the Petitioner's testimony not credible. As noted by the Magistrate Judge, plea counsel testified that he discussed self-defense and the PPP Act with the Petitioner but he did not believe, based on his investigation of the facts, that either applied because the Petitioner went into his residence, retrieved a gun, and then left his property before shooting the victim. After review, the Court agrees with the Magistrate Judge that the PCR court's ruling was not contrary to clearly established federal law or an unreasonable application of the facts. Moreover, the Court finds the Petitioner's conclusory objections to be without merit.

## CONCLUSION

After a thorough review of the case, the Court finds that the Magistrate Judge's R&R accurately summarizes the case and the applicable law. Accordingly, it is hereby

**ORDERED** that the R&R (Entry 27) is adopted and incorporated herein; the Petitioner's objections (Entry 29) are overruled; and the Respondent's motion for summary judgment (Entry 17) is granted.

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

March 17, 2016
Charleston, South Carolina

## Certificate of Appealability

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that this Court's assessment of the constitutional claims is debatable or wrong or that the issues presented were adequate to deserve further attention. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). Here, the Court finds that the Petitioner has not met the legal standard for the issuance of a certificate of appealability. Therefore, the Court denies a certificate of appealability.

